UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Zakariya Abdikarim,

    Plaintiff,

v.

Adam Torgerson, Detective; and
Shannon Monroe,

    Defendants.

Case No. 24-cv-2188 (JRT/DTS)

**REPORT AND RECOMMENDATION**

---

Plaintiff Zakariya Abdikarim did not pay the filing fee for this matter, instead applying for *in forma pauperis* (IFP) status.  See Dkt. No. 1.  Because Abdikarim has applied for IFP status, his complaint is subject to preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B).

An IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Pro se complaints are to

1

be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Abdikarim alleges that defendant Adam Torgerson, a detective of the Moorhead Police Department, "presented to [a] Clay County district judge a defective ficticious paroble cause warrent to search my mega storage in Moorhead MN."  Compl. at 5 [Dkt. No. 6] (sic throughout).  Abdikarim believes the search to have been a violation of his constitutional rights, and he seeks monetary compensation pursuant to 42 U.S.C. § 1983 from Torgerson, from defendant Shannon Moore (who is alleged to be Torgerson's supervisor), and from Clay County, Minnesota.

The entire complaint rests upon a single conclusory allegation—that there was an absence of probable cause for the search at issue, either because the information in the warrant did not suffice to establish probable cause or because that information was fraudulent.  Both of these statements, however, are legal conclusions, and legal conclusions are not entitled to a presumption of veracity at the pleading stage.  *See Iqbal*, 556 U.S. at 679.  It is not enough to plead that a search was unlawful; a litigant must plead facts that, if later proved true, would permit a reasonable factfinder to conclude that the search was unlawful.  *See, e.g.*, *Shaw v. Grand Forks Police Department*, No. 4:15-CV-181, 2016 WL 918918, at *5 (D.N.D. Feb. 8, 2016) ("noting that the "conclusory statement" that a search is unlawful "does not satisfy the most basic of pleading requirements.").  There are insufficient factual allegations pleaded in the complaint from which to conclude that the search at issue was, in fact, illegal, and therefore insufficient allegations from which to conclude that Abdikarim is entitled to relief under § 1983.[1]

---

[1] Abdikarim's allegation that the search was discriminatory [Compl. at 6] is similarly conclusory.  No facts whatsoever are pleaded that, if proved, would establish that the search resulted from unlawful discriminatory animus.

2

Abdikarim's claims against Monroe and Clay County would fail for still other reasons as well. Supervisors and employing entities are not subject to automatic liability under § 1983 for the misconduct of individuals being supervised or employed. *See, e.g.*, *Cole v. Does*, 571 F. Supp. 3d 1033, 1042-44 (D. Minn. 2021). Instead, a litigant bringing claims under § 1983 must establish that the supervisor or the entity at issue acted wrongfully themselves. As explained above, Abdikarim does not even adequately allege that Torgerson acted unlawfully in conducting the search, much less that this putatively unlawful behavior can be imputed to Monroe or Clay County[2] for purposes of § 1983 liability.

The complaint does not state a claim on which relief may be granted and should be dismissed without prejudice accordingly pursuant to § 1915(e)(2)(B)(ii).

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Zakariya Abdikarim [Dkt. No. 1] be DENIED.

Dated: July 22, 2024                               __s/David T. Schultz____
                                                   DAVID T. SCHULTZ
                                                   U.S. Magistrate Judge

---

[2] In addition, Torgerson is alleged to be an officer of the City of Moorhead, not Clay County; it is therefore difficult to see how any alleged misconduct of Torgerson could be imputed to Clay County.

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).