UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ZAKARIYA ABDIKARIM,

                     Plaintiff,

v.

ADAM TORGERSON and SHANNON MONROE,

                     Defendants.

Civil No. 24-2188 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***

---

Zakariya Abdikarim, Cass County Jail, 450 Thirty-Fourth Street Southwest, Fargo, ND 55103, *pro se* Plaintiff.

Plaintiff Zakariya Abdikarim seeks to proceed *in forma pauperis* ("IFP") on his appeal of the Court's order dismissing this action without prejudice. Because it finds his appeal to be frivolous, the Court will deny his request.

Abdikarim originally filed an action in the District of North Dakota against Detective Adam Torgerson, Moorhead Chief of Police Shannon Monroe, and Clay County[1] ("Defendants"), alleging that the Defendants did not have probable cause to search his storage unit in Moorhead, Minnesota. (Compl. at 5, May 31, 2024, Docket No. 6.) After

---

[1] Abdikarim does not name Clay County in the caption of his Complaint as a Defendant but references a "claim against the County of Clay MN" in his claims. (Compl. at 1, 3, 6, May 31, 2024, Docket No. 6.) Construing the Complaint liberally, the Court will include Clay County as a Defendant for the limited purpose of this application.

the case was transferred to the District of Minnesota, Magistrate Judge David T. Schultz issued a Report and Recommendation ("R&R") that recommended the Court deny Abdikarim's motion to proceed IFP. (R. &. R. at 3, July 22, 2024, Docket No. 11.) The Magistrate Judge did so on the grounds that Abdikarim's Complaint rested on bare conclusory statements and that he did not adequately plead facts establishing liability for Clay County. (*Id.* at 2–3.) With no objections to the R&R, the Court adopted it in full and dismissed the action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). (Order Adopting R. & R. at 1, Sept. 5, 2024, Docket No. 13.) Abdikarim then filed a notice of appeal to the Eighth Circuit. (Notice of Appeal to 8th Cir., Sept. 11, 2024, Docket No. 15; Notice of Appeal to 8th Cir., Sept. 16, 2024, Docket No. 17.) He now seeks leave to proceed IFP on appeal. (Appl. to Proceed IFP on Appeal, Sept. 11, 2024, Docket No. 16; Appl. to Proceed IFP on Appeal ("2nd IFP Appl."), Sept. 16, 2024, Docket No. 18.).[2] The Court will deny his request.

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in good faith. *Id.* § 1915(a)(3).

---

[2] Abdikarim submitted two IFP applications that were functionally the same application. Both will be denied.

Good faith in this context is judged by an objective standard and not by the appellant's subjective point of view. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *See id.* at 445. An appeal is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, though Abdikarim has demonstrated his indigence, his appeal is frivolous. As the Magistrate Judge noted in the R&R, Abdikarim's underlying claims are frivolous because "[t]he entire complaint rests upon a single conclusory allegation—that there was an absence of probable cause for the search at issue, either because the information in the warrant did not suffice to establish probable cause or because that information was fraudulent." (R. & R. at 2.) But those statements are mere legal conclusions, and even at the pleading stage, a litigant is required to plead facts that, if later proven true, would permit a reasonable factfinder to conclude the search was unlawful. *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006) ("[T]he complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal.").

Abdikarim's case does not improve in his renewed IFP applications. Indeed, the only issue he raises for the Eighth Circuit to review is "the way the court handle [sic] the

matter." (2nd IFP Appl. at 1.) Even construed liberally, this is not a good faith appeal because it lacks an arguable basis both in law and in fact.

Because it finds the appeal to be frivolous, the Court will deny the motions to proceed IFP on appeal.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Applications to Proceed In Forma Pauperis on Appeal [Docket Nos. 16, 18] are **DENIED**.

DATED: September 30, 2024
at Minneapolis, Minnesota.

                                            JOHN R. TUNHEIM
                                       United States District Judge